IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KATHY BELCHER,

        Plaintiff,

v.                                CIVIL ACTION NO. 2:10-cv-00832

FLAGSTAR BANK, F.S.B., et al.,

        Defendants.

**MEMORANDUM OPINION AND REMAND ORDER**

Before the Court is the Motion to Remand [Docket 5] of Plaintiff Kathy Belcher. For the reasons set forth below, this motion is **GRANTED**.

*I. BACKGROUND*

This case arises from the allegedly unlawful actions of Defendants Flagstar Bank, F.S.B. ("Flagstar") and Larry Wood, relating to Plaintiff's home loan. On May 12, 2010, Plaintiffs filed a complaint in the Circuit Court of Kanawha County, West Virginia, asserting the following claims: unconscionable contract, breach of contract, misrepresentations in debt collection, estoppel, and negligence. Flagstar filed a notice of removal on June 16, 2010, seeking to invoke this Court's diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. According to the notice of removal and the complaint, Flagstar is a Michigan federal savings bank with its home office and principal place of business in Michigan, and Plaintiff and Wood are residents of West Virginia. However, Flagstar contends that Wood is a fraudulently joined party and therefore should not be considered for jurisdictional purposes. Plaintiff disagrees, arguing that Wood was not fraudulently joined.

Plaintiff timely filed the pending motion to remand pursuant to 28 U.S.C. § 1447(c) on July 7, 2010. Plaintiff maintains that because Wood is a citizen of West Virginia, the parties are not diverse and this Court is without jurisdiction to entertain the complaint. Additionally, Plaintiff argues that Flagstar failed to satisfy the rule of unanimity. In its response, Flagstar asserts that Wood need not consent to remand because Plaintiff cannot establish a cause of action against Wood, and he is therefore fraudulently joined. This matter is now fully briefed and ripe for the Court's consideration.

## II. DISCUSSION

The asserted basis of the Court's jurisdiction over this removed action is that there is complete diversity of citizenship among the parties and the amount in controversy exceeds the jurisdictional threshold. 28 U.S.C. § 1332(a). The amount in controversy requirement is not at issue, but the parties disagree as to whether complete diversity exists. The complete diversity requirement is satisfied "when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir. 1999). Plaintiff and Defendant Wood are citizens of West Virginia, which suggests that complete diversity does not exist. However, if Wood is a fraudulently joined party, then his citizenship is irrelevant to the jurisdictional analysis. *Hartley v. CSX Transp.*, 187 F.3d 422, 424 (4th Cir. 1999).

### A. *Fraudulent Joinder*

Fraudulent joinder requires neither fraud nor joinder. Rather, it is "a term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *cf. Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568 (5th Cir. 2004) (adopting term "improper

2

joinder" as more accurate than "fraudulent joinder"). To show that a nondiverse defendant has been fraudulently joined, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley*, 187 F.3d at 424 (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley*, 187 F.3d at 423. In fact, the fraudulent joinder standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Mayes*, 198 F.3d at 464. Accordingly, "[a] claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." *Marshall*, 6 F.3d at 233; *see also Hartley*, 187 F.3d at 426 ("Once the court identifies this glimmer of hope for the plaintiff, the jurisdictional inquiry ends.").

West Virginia law guides the Court in determining whether there is any possibility that Plaintiffs would be able to establish a right to relief against Wood in state court. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938); *see also Hartley*, 187 F.3d at 425. Flagstar does not argue that Wood was named as a defendant in an act of outright fraud. Thus, the Court will look to see if Plaintiff would be able to establish a cause of action against Wood.

In Plaintiff's original complaint, the first count is an unconscionable contract claim against Wood alleging a violation of West Virginia Code § 46A-2-121. That statute is under the West Virginia Consumer Credit and Protection Act, and provides in pertinent part: "With respect to a transaction which is or gives rise to a . . . consumer loan, if the court as a matter of law finds . . . the agreement . . . to have been induced by unconscionable conduct, the court may refuse to enforce the

agreement." In dealing with a motion for summary judgment under West Virginia Code § 46A-2-121, Judge Copenhaver has stated:

> Unconscionability claims should but rarely be determined based on the pleadings alone with no opportunity for the parties to present relevant evidence of the circumstances surrounding the consummation of the contractual relationship. When it is claimed that a contract or any clause thereof may be unconscionable, the parties should be afforded a reasonable opportunity to present evidence as to its commercial setting, purpose and effect to aid the court in making the determination claim because whether a meaningful choice is present in a particular case can only be determined by consideration of all the circumstances surrounding the transaction.

*Mallory v. Mortgage America, Inc.*, 67 F. Supp. 2d 601 (S.D. W. Va. 1999) (citing *Carlson v. General Motors Corp.,* 883 F.2d 287, 292-93 (4th Cir. 1989)).

Flagstar argues that Wood was fraudulently joined because "[n]one of [Plaintiff's] causes of action seek[] affirmative relief from Defendant Wood." (Docket 1 at 4-5.) Further, Flagstar argues that Plaintiff failed to state a cause of action in count one because she did not "suggest that it was Defendant Wood who failed to explain the terms of the contract." (*Id.* at 5.) Flagstar summarizes it's position: "[t]he crux of the Plaintiff's Complaint is not with the origination of the loan, but with Flagstar's alleged failure to modify the loan." Flagstar believes Plaintiff included Wood as a party "solely to destroy diversity" and that Plaintiff does not have a legitimate claim against Wood. (*Id.*) Plaintiff counters that this is not so because the claims relating to the loan modification originate with Wood because he acted illegally in obtaining the loan. "Plaintiff's request for a loan modification was necessitated by Mr. Wood's misrepresentations of her income." (Docket 6 at 8.)

In the motion to remand, Plaintiff argues that when she was seeking a home loan through Flagstar, that "Defendant Wood misrepresented Plaintiff's income . . . well above her actual income at the time, in contradiction of the proof of income Plaintiff had previously provided to him."

(Docket 6 at 2.) Further, Plaintiff states: "Wood was an active participant in securing the unconscionable home loan[.] Count I of Plaintiff's Complaint runs against Defendant Wood as well as Flagstar, and seeks relief, including actual damages, from both Defendants." (*Id.* at 8.) Defendant argues that Plaintiff has failed to state a claim under Rule 12 of the Federal Rules of Civil Procedure, (Docket 8 at 5), however, this is not the standard the Court looks to under fraudulent joinder. Instead of showing the Court why Plaintiff cannot establish a claim, Flagstar only provides defenses and explanations as to why Wood is not liable. The Court is not required to make a decision on whether the contract was unconscionable, and the Court must resolve all issues of law and fact in Plaintiff's favor. As such, the Court **FINDS** that Flagstar has not met its burden of demonstrating that Plaintiff has no possibility of establishing a cause of action against Wood. *Hartley*, 187 F.3d at 425. Therefore, the Court does not find that Wood is a fraudulently joined party and its citizenship will be considered for the purpose of evaluating this Court's jurisdiction. *See Mayes*, 198 F.3d at 461.

  B.  *Removal Jurisdiction*

United States "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Generally, the party seeking removal bears the burden of showing that federal jurisdiction exists. *Mulcahey*

*v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Because removal jurisdiction is strictly construed, all doubt is resolved in favor of remand. *Id.*

Generally, the propriety of the Court's jurisdiction over a removed action is evaluated in light of the record as it existed at the time of removal. *Wickline v. Dutch Run-Mays Draft, LLC*, 606 F. Supp. 2d 633, 635 (S.D. W. Va. 2009). However, in deciding whether fraudulent joiner has been committed, the court need not limit its jurisdictional inquiry to the facts alleged in the pleadings; the entire record may be considered as a whole in determining whether there is a basis for joinder. *Mayes*, 198 F.3d at 464; *see also AIDS Counseling & Testing Ctr. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (citing *Dodd v Fawcett Publ'ns., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

In this case, the record reflects that Kathy Belcher is the only plaintiff and that Flagstar and Wood are named as defendants. Plaintiff is a citizen of West Virginia and Defendant Flagstar is a citizen of Pennsylvania. However, Defendant Wood is also a citizen of West Virginia. Thus, there is not complete diversity among the opposing parties. Accordingly, the Court **FINDS** that it may not exercise jurisdiction over this removed action pursuant to 28 U.S.C. § 1332(a).

    *C.*    *Rule of Unanimity*

A party that seeks to remove an action from state court to federal court must abide by the procedural requirements set out in 28 U.S.C. § 1446. "[A]s a general rule, all defendants must consent to removal." *Justice v. Branch Banking & Trust Co.*, No. 2:08-cv-230, 2009 WL 853993, at *4 (S.D. W. Va. Mar. 24, 2009) (citing 28 U.S.C. § 1446(a)) (interpreting *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247 (1900)). The filing requirements of section 1446 are mandatory, thus, "there is no federal jurisdiction when one of the defendants fails to join in, file his own, or

officially and unambiguously consent to, a removal petition within 30 days of service." *Lloyd v. Cabell Huntington Hosp., Inc.*, 58 F. Supp. 2d 694, 697 (S.D. W.Va. Jul. 29,1999) (quoting *Wilkins v. Correctional Medical Sys.*, 931 F.2d 888 n.2 (4th Cir. 1991))**.**

However, two relevant exceptions to the rule of unanimity exist: 1) a party that fails to join or consent to removal was not served at the time of removal, or 2) a party is fraudulently joined. *Wolfe v. Green*, 660 F. Supp. 2d 738, 744 (S.D. W. Va. 2009); *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812 (5th Cir. 1993). "[A]s a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." *Jernigan*, 989 F.2d at 815.

Plaintiff argues that removal was defective because Wood did not consent. At the time of removal, Defendants Flagstar and Wood had been served. Thus, if Wood was not fraudulently joined, then the action, contends Plaintiff, must be remanded for failure to satisfy the rule of unanimity. However, contained in the notice of removal is a footnote that states: "The undersigned counsel is also representing Defendant Wood with respect to this matter. Although Mr. Wood's consent is entirely unnecessary, given that he has been fraudulently joined, the undersigned counsel hereby note[s] his consent to removal." (Docket 1 at 3.) The notice of removal was only signed by Randall L. Saunders as counsel for Flagstar. (Docket 1 at 9.)

The footnote in the notice of removal, along with the fact that Flagstar and Wood are represented by the same attorneys, may indicate that Wood did consent to removal. Nevertheless, because the Court does not have jurisdiction based on lack of complete diversity, it is unnecessary for the Court to decide whether Wood properly consented to removal.

*III. CONCLUSION*

For the reasons set forth above, Plaintiffs' Motion to Remand [Docket 5] is **GRANTED.** The Court hereby **REMANDS** this case to the Circuit Court of Kanawha County, West Virginia, for further proceedings.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party, and a certified copy of this Order to the Clerk of the Circuit Court of Kanawha County.

ENTER: March 31, 2011

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE